UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID BARNES, JENNIFER BARNES,

              Plaintiffs,

-vs-                                                Case No.  2:09-cv-618-FtM-36SPC

VI PARTNERSHIP, LTD., a Florida limited
partnership, VI LTD. LIMITED PARTNERSHIP, a
Michigan limited partnership, SC & G
INVESTORS, INC., a Florida corporation ,

              Defendants.
_____

**ORDER**

      This matter comes before the Court on Plaintiffs' Motion to Compel Production of Documents in Compliance with Non-Party Subpoena Vanderbilt Partners, II, Ltd. (Doc. #60) filed on July 6, 2010.  Defendants filed their response on July 19, 2010.  The Motion is now ripe for review.

      This action arises from a dispute over the sale of a preconstruction luxury residential condominium in Naples, Florida by the Defendants to the Plaintiffs.  On or about October 24, 2005, the Barnes executed a Purchase Agreement for the purchase of Unit 603 in "The Beach Tower at Moraya Bay" for $4.3 million. The Plaintiffs assert that they were induced to enter into the purchasing contract under false pretenses.

      For the purposes of the instant Motion, Plaintiffs assert that Moraya Bay and a neighboring condominium development known as the Grande Preserve at The Dunes, which includes four condominiums: Grand Geneva, Grande Dominica, Grande Phoenician, and Grande Excelsior, were marketed together and are part of a "common promotional plan" as defined by the Interstate Land

Sales Full Disclosure Act, 15 U.S.C. § 1701 ("the Act"). Defendants deny the existence of a "common promotional plan."

Vanderbilt Partners, II, Ltd. is a non-party to this action and was one of the entities involved in the development of the Grande Preserve at the Dunes. On May 12, 2010, Plaintiffs served their Notice of Intent to Serve Subpoena directed to Vanderbilt. The Subpoena sought all executed sales contracts entered into for the purchase/sale of units within the four condominiums (Grand Geneva, Grande Dominica, Grande Phoenician, and Grande Excelsior) located in the neighboring development of the Grande Preserve at The Dunes. Vanderbilt served timely written objections to the Subpoena and initially refused to produce any of the contracts listed in the Subpoena. Then, on June 18, 2010, without waiving its relevancy objection, and in an effort to resolve the issue, Vanderbilt provided copies of 342 executed sales contracts with the following personal information redacted: purchaser name, purchaser address, address for warranty deed, purchaser telephone numbers, social security numbers, and purchaser initials and signatures. Plaintiffs were not happy with the production though, and now move for an Order compelling Vanderbilt to produce unredacted copies of the sales contracts.

Rule 45, Fed. R. Civ. P., governs discovery of non-parties by subpoena. erinMedia, LLC v. Nielsen Media Research, Inc., WL 1970860 *1 -2 (M.D. Fla. July 3, 2007). If an objection is made, the party serving the subpoena is not entitled to the documents at issue but may, upon notice to the person commanded to produce, seek an order to compel the production. Id. (citing Fed.R.Civ.P. 45(c)(2)(B)). The scope of permissible discovery under Rule 45 is that set forth in Fed.R.Civ.P. 26(b)(1), which was amended in 2000 to provide that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." erinMedia, LLC., WL

1970860 at *1 -2.  Further, "for good cause shown, the court may order discovery of any matter relevant to the *subject matter* involved in the action." Fed.R.Civ.P. 26(b)(1), (emphasis supplied); *see also* Fed.R.Civ.P. 45 Advisory Committee Note ("[t]he changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."). The rule change was to involve the court more actively in regulating the breadth of sweeping or contentious discovery. erinMedia, LLC., WL 1970860 at *1 -2 (citing Fed. R. Civ. P. 26, Advisory Committee Note). The Advisory Committee intended by the rule change for the parties and the court to focus "on the actual claims and defenses involved in the action." erinMedia, LLC., WL 1970860 at *1 -2. The rule change signals to the court that "it has the authority to confine discovery to the claims and defenses asserted in the pleadings ..." Id. (citing Rule 26, Fed. R. Civ. P., Advisory Committee Note).

With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request. erinMedia, LLC., WL 1970860 at *1 -2. (citing Cytodyne Tech., Inc. v. Biogenic Tech., Inc., 216 F.R.D. 533, 535 (M.D. Fla. 2003); Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545 (11th Cir.1985)).  In ruling on a motion to compel, the court must protect nonparties from "significant" expense. *See* Klay v. All Defendants, 425 F.3d 977, 984 (11th Cir. 2005).

Plaintiffs argue that they are entitled to unredacted copies of the sales contracts because the contracts are needed to determine whether the Plaintiffs' Unit was part of the development under a "common promotional plan" of more than 100 lots as required by the Act.  If so, certain registration requirements, disclosure requirements, and revocation rights are applicable, which they

allege the Defendants violated. Vanderbilt maintains that the redacted information is "confidential and proprietary." Plaintiffs believe they need the redacted information in order to authenticate the sales contracts which were produced by Vanderbilt. They claim that without the redacted information, including but not limited to the purchasers' signatures, there is no way for Plaintiffs to properly authenticate the executed sales contracts.[1]

Vanderbilt points out that the redacted information is not relevant nor necessary under the Act as it will not prove a number of factors required under the Act, including the ownership of the two developments, the applicable sales agents and sales facilities, the separate marketing of the two developments, or whether there was common inventory because the contracts pertain to completely separate and distinct condominium developments. The Defendants' argument is well taken and the Court agrees. Plaintiffs have not met their burden of showing relevancy or need for the requested information from a non-party.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion to Compel Production of Documents in Compliance with Non-Party Subpoena Vanderbilt Partners, II, Ltd. (Doc. #60) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th    day of August, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] Plaintiffs concede that the purchasers' social security numbers should be redacted. Pl. Br. At 6.